By the Surrogate.
At common law an executor or administrator could compound or compromise claims belonging to the estate of the deceased, subject, however, to a personal liability to make good the loss, in case, on a final settlement, it should be adjudged that the' compromise was fraudulently or improvidently made. The only effect of the sanction of the surrogate-under the statute above cited, is to surround the transaction with an air of good faith and honesty. By the next section of the same statute it is provided that such, sanction, by the surrogate, shall not prevent any person interested from showing, on the settlement of the-estate, that the claim was fraudulently or negligently compromised. This latter provision is a wise safeguard.. An application under the statute is made ex parte by the legal representative of the estate ; the legatees, next, of kin, and others interested, not having an opportunity to be heard ; but on the final settlement they have the right to scrutinize the transaction. It is left, by the statute, discretionary with the surrogate, to< *25 grant or withhold the authority to compromise, and to prscribe such terms, if the application be granted, as he may see fit.
There is a case reported in 1 Redf. N. Y. Surr., 323 (Howell v. Blodgett), where the surrogate of Ontario held that he had no power to sanction the compromising of a claim against a solvent debtor. He claimed, as the basis of his decision, that prior to the passage of the statute in question, executors and administrators could not compound the debts due their testators or intestates, which were doubtful or bad, without being liable for the loss personally, and that, to remedy this evil, the statute was enacted. I think the learned surrogate was in error upon this point. As long ago as the case of Blue v. Marshall (3 P. Williams, 381), it was held that where a legal representative had compromised a bad or doubtful claim for the benefit of the estate, the court would sanction the act. The following authorities sustain this view: Legh v. Holloway, 8 Ves. 213; and seel Crompt & M., 402 ; S. C., 3 Tyrwh., 319. In the case of The People v. Pleas, cited by counsel, the doctrine in the case of Blue Marshall is quoted and approved by Kent, J. ; and in Chouteau v. Suydam, the common-law light of a legal representative to compound debts, is clearly recognized. The court says: “ The object of the statute in question was, not to confer upon executors and administrators powers which otherwise they would not possess, but to afford them additional protection when acting in good faith in the exercise of their common-law power. Although they could compromise a claim or compound a debt without the aid of the statute, still they might, perhaps, he held responsible for any serious error in judgment in so doing.”
I have no doubt that surrogates have the power, on good and sufficient cause being shown, to authorize the *26 compounding of claims due to estates, whether the debtor be solvent or insolvent.
Deeming the cause shown in this case sufficient, the application is granted.